IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-371-D

| | | |
|---|---|---|
| THE NORTH CAROLINA STATE BAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BROOKE M. CRUMP, | ) | |
| | ) | |
| Respondent. | ) | |

Brooke M. Crump ("Crump" or "respondent") is a licensed attorney in North Carolina. The North Carolina State Bar ("State Bar" or "petitioner") is investigating Crump for alleged professional misconduct. During the investigation, the State Bar's Grievance Committee subpoenaed Crump's trust account records. Crump did not comply with the subpoena. On August 24, 2022, the State Bar filed a Motion for Order to Show Cause in the Disciplinary Hearing Commission ("DHC") alleging Crump refused to produce the subpoenaed trust account records. See [D.E. 11] 1; [D.E. 11-1] 1–2. On August 25, 2022, the DHC issued an Order to Show Cause directing Crump to appear before the DHC and show cause why she should not be suspended from the practice of law for failure to comply with a grievance investigation. See [D.E. 11-1] 1–2.

On September 14, 2022, the day of the show cause hearing in the DHC, Crump filed with this court a Motion to Proceed in Forma Pauperis and attached a Proposed Notice of Removal [D.E. 1]. On September 14, 2022, at the show cause hearing, the DHC found Crump had not complied with the Grievance Committee subpoena. See [D.E. 11-2] 1. The DHC held that it would administratively suspend Crump's law license for non-compliance unless she produced all documents required by the

subpoena within five days. See id. The DHC did not enter a written order at that time because immediately after the DHC hearing, Crump filed a Notice of Removal in the DHC. See id. at 1–2. Crump's filing created the impression that the DHC could take no further action, because Crump allegedly had removed the action to federal court. See id. When the DHC learned that Crump had not properly removed the action to federal court, the DHC entered a written order suspending Crump's law license. See [D.E. 11-4]; cf. [D.E. 11-3].

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021).

Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colo. Bankers Life Ins. Co. v. AT Den. Invs., APS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). The removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the case. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018) ("It is well established that the party removing a case to federal court bears the burden of establishing the court's subject-matter jurisdiction over the case."); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the

2

party seeking removal."). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996). The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case to state court. Mayor of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colo. Bankers, 526 F. Supp. 3d at 123. Put differently, a court should "resolve doubts in favor of remand." Palisades Collections, LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colo. Bankers, 526 F. Supp. 3d at 123.

Crump contends that she properly removed this action to this court because the disciplinary proceeding involves a "right arising out of the Constitution, laws, or treaties of the United States" under the federal question doctrine. See [D.E. 8] 5. Crump fails to demonstrate, however, how the underlying action in the DHC includes a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. See 28 U.S.C. § 1441. Crump suggests that she may raise defenses to the State Bar's action that are based on the United States Constitution and federal law, but "a federal defense provides no basis for removal." Grievance Adm'r v. Fieger, 409 F. Supp. 2d 858, 866 (E.D. Mich. 2005); Vaden v. Discover Bank, 556 U.S. 49, 61 (2009); Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 14 (1983); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); In re Crump, No. 1:22-CV-484, 2022 WL 5040058, at *2–3 (M.D.N.C. Sept. 27, 2022) (unpublished). Furthermore, "the vindication of [a] defendant's federal rights is left to the state courts except in rare situations where it can be clearly predicted by reason of

3

the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966); Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 435–36 (1982). Assuming without deciding that Crump has a federal defense to the underlying DHC action, she fails "to demonstrate that [her] federal civil rights cannot be protected in State Court." Frazier v. N.C. State Bar, No. 5:98-CV-786, 1999 WL 1939981 (E.D.N.C. April 28, 1999) (unpublished).

In sum, the court GRANTS petitioner's motion to remand [D.E. 10] and remands the action to the Disciplinary Hearing Commission of the North Carolina State Bar.

SO ORDERED. This 23 day of November, 2022.

JAMES C. DEVER III
United States District Judge